**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**

FILED

**May 13, 1997**

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| UPPER EAST TENNESSEE DISTRIBUTING, | ) WASHINGTON CHANCERY |
| | ) |
| | ) NO.  03A01-9701-CH-00011 |
| Plaintiff/Appellee | ) |
| | ) |
| | ) HON.  LEWIS W. MAY, |
| v. | ) CHANCELLOR, By Interchange |
| | ) |
| RUTH E. JOHNSON, | ) JUDGMENT REVERSED; |
| Commissioner of Revenue, | ) MOTION OF THE DEFENDANT |
| State of Tennessee, | ) GRANTED; |
| | ) REMANDED FOR ENTRY OF |
| Defendant/Appellant | ) JUDGMENT FOR THE STATE. |
| | ) |
| | ) |

Forrest B. Bigham, Nashville, for Appellant.
Walter Lee Davis, Jr., Johnson City, for Appellee.


**O P I N I O N**

INMAN, Senior Judge

This complaint was heard by the Chancellor upon stipulated facts, trial briefs and oral argument.  Motions for Summary Judgment were filed by both parties; the trial court granted Plaintiff's motion.   Defendant appeals and presents the following issue, reproduced verbatim:

1. Rule 96 of the Department of Revenue is a valid example of the express statutory authority of the Commissioner of Revenue to implement rules and regulations concerning sales for resale.

    A. Plaintiff's initial sale was taxable as a retail sale because it failed to qualify as a tax-exempt sale for resale under Rule 96.

    B. Rule 96 is valid and consistent with Tennessee sales and use tax statutes and is reasonable, practical and necessary to effectuate the purposes of the law.

Plaintiff argues that RULE 96 does not apply because Plaintiff's sale was a sale for resale and not a retail sale under the undisputed facts.  In the alternative, if RULE 96 is found to apply, then RULE 96 is void because it is inconsistent with T. C. A. § 67-6-102(23)(A) and T. C. A. § 67-6-313(a).

# I

The parties stipulated 32 paragraphs of facts for trial. We paraphrase those material to our decision:

Plaintiff [hereinafter "Seller"] is a manufacturer and dealer of coin-operated amusement game machines with offices and facilities in Gray, Tennessee. Between January 1991 and December 1993, Seller sold for resale various coin-operated amusement machines to Coin Concepts, Inc., [hereinafter "Buyer"] a New Jersey corporation with no physical presence in Tennessee. Buyer effected the sale by sending purchase orders to Seller in Tennessee, but left the machines at Seller's Tennessee facility and subsequently re-sold them to Buyer's customer, Aladdin's Castle, Inc., a Delaware corporation which uses the machines in its business operations throughout the United States.

Seller agreed to act as Buyer's agent to deliver the machines to Buyer's customer, Aladdin's Castle. Possession of the machines was transferred from Seller directly to Buyer's customer, Aladdin's Castle, at Seller's facilities in Tennessee.

Two machines were used by Aladdin's Castle facilities in Tennessee, and Aladdin's Castle paid Tennessee use tax on those two machines.

The remaining [presumably 98] machines were sent to other states, and in each state which imposes a use tax, Aladdin's Castle paid the tax.

Seller did not collect any Tennessee sales or use tax or pay any tax in connection with the sales of the machines to Buyer or the deliveries of the machines to Aladdin's Castle. No arrangements were made between Seller and the Tennessee Commissioner of Revenue regarding the sales to Buyer or the deliveries to Aladdin's Castle.

The Tennessee Department of Revenue assessed Seller $18,753.00 for sales and use tax, local tax and interest.

The trial court found the Department of Revenue's assessment to be erroneous and not due, and awarded judgment including attorney's fees to Seller.

2

## II

Retail sales in Tennessee are subject to Sales and Use Tax under T. C. A. § 67-6-101, *et seq,* Retailers' Sales Tax Act. The Act defines taxable retail sales as "taxable sale of tangible personal property . . . to a consumer or to any person for any purpose *other than for resale* [emphasis added]"

Stipulation of Fact #6 at trial in this case provides:

"Between January 1991 and December 1993 Plaintiff *sold for resale* [emphasis added] various coin-operated amusement games . . . to Coin Concepts, Inc. . . . "

Notwithstanding this stipulation, the Commissioner argues that Plaintiff's sale of the machines to Buyer, although a sale for resale, was subject to taxation "as a retail sale" because it failed to qualify as a tax-exempt sale for resale under Sales and Use Tax Rules of the Tennessee Department of Revenue, Rule 1320-5-1.96:

1320-5-1.96   Tangible Personal Property Sold By Dealers to Other Vendors, Where delivery is Made for Use and Consumption:

Except in cases where specific and satisfactory arrangements are made with the Commissioner before sales and deliveries are made, sales of tangible personal property . . . by a dealer to an out of state vendor who directs that the dealer act as [the vendor's] agent to deliver or ship [to the vendor's] customer, who is a user or consumer, are subject to the Sales or Use Tax. The dealer so acting as agent for the out of state vendor must collect the tax involved on the transaction unless the transaction comes within the conditions indicated herein.

In this case, the dealer (Seller) sold to an out of state vendor (Buyer), who directed that Seller act as his agent to deliver the property to vendor's customer, Aladdin, who is a user of the machines. Thus RULE 96 requires Seller to collect retail tax on the transaction unless specific and satisfactory arrangements were made with the Commissioner before sale and delivery were made. The parties stipulated that no such arrangements were made. Therefore, according to the undisputed facts, the sale was a sale for resale under T. C. A. § 67-6-101 *et seq*, which nevertheless became subject to retail sales tax under RULE 96 because Seller made delivery for Buyer to its customer/user without the required arrangements having been made with the Commissioner prior to the sale or transfer of possession.

**III**

Seller argues that Rule 1320-5-1-.96 is only applicable to sales in which the principal is undisclosed, citing Rule 1320-5-1-.01.

1320-5-1-.01 Auctioneers-Agents-Factors

> Every factor, auctioneer, or agent acting for any unknown or undisclosed principal entrusted with any bill of lading, customhouse permit, or warehouse receipt for delivery of tangible personal property, or entrusted with possession of any such personal property for the purpose of sale, shall be deemed the owner thereof, and, upon the sale at retail of such property, shall be required to file a return of the receipts of sales and pay a tax thereon. A sale by such factor, auctioneer or agent, when acting for a known or disclosed principal shall be taxable to the principal. The same rule applies to lien holders, such as storage men, pawnbrokers and artisans.

Seller cites no reference for his assertion that Rule 96 is limited by Rule 1, or that a sale which is taxable to a known or disclosed principal cannot therefore be taxed to an agent, and we find no such authority.[1]

**IV**

Seller argues that in the event we find Rule 96 applicable, then Rule 96 is void because it is inconsistent with T. C. A. § 67-6-102(23)(A) and T. C. A. § 67-6-313(a).

T. C. A. § 67-6-102(23)(A) provides:

> "Retail sales" or "sale at retail" means a taxable sale of tangible personal property or specifically taxable services to a consumer or to any person for any purpose other than for resale. "Retail sales" or "sales at retail" means and includes all such transactions as the commissioner, upon investigation, finds to be in lieu of sales. Any sale for resale must, however, be in strict compliance with rules and regulations promulgated by the commissioner. Any dealer making a sale for resale which is not in strict compliance with rules and regulations shall be personally liable for and pay the tax;

Seller argues that the cited statute indicates the legislature did not intend to tax sales for resale. Therefore, under *Covington Pike Toyota, Inc. v. Caldwell,* 829 S.W.2d 132 (Tenn. 1992), "it is fundamental that the Commissioner cannot enlarge the scope of a taxing statute by regulation, and rules contrary to the express directives of a taxing statute are void."

---

[1] There is no evidence that the Commissioner attempted to collect the same Tennessee tax from both the agent and the principal. Moreover, Rule 96 requires the Seller to *collect* the tax, indicating one very practical purpose of Rule 96: the Seller has contact with the out-of-State Buyer, and is therefore in a better position to collect the tax than the Commissioner.

Our reading of T. C. A. § 67-6-102(23)(A) indicates, however, that the legislature clearly intended to limit the tax-exempt status of sales for resale to those sales which were in strict compliance with the rules and regulations promulgated by the Commissioner. Therefore, since Seller was not in compliance with RULE 96, having failed to make "specific and satisfactory arrangements" with the Commissioner before sale and delivery, the Commissioner was specifically authorized by statute to tax the sale as if it were a retail sale.

## V

The Seller asserts that RULE 96 is void because the legislature intended to exempt from tax all Tennessee products manufactured for export.

T. C. A. § 67-6-313(a) provides:

> It is not the intention of this chapter to levy a tax upon articles of tangible personal property imported into this state or produced or manufactured in this state for export.

There is no proof on the record that the machines sold were produced for export, although this assertion is made in Seller's appellate brief. Therefore, we decline to address this issue.

## VI

The stipulated facts indicate that the transaction at issue was one anticipated by the legislature and provided for in T. C. A. § 67-6-102(23)(A) and Sales and Use Tax RULE 96. We find RULE 96 to be in harmony with the statute, and that it supports the Commissioner's assessment of sales tax in this case.[2] Therefore, the judgment of the trial court is reversed and the case is remanded for entry of judgment for the Commissioner of Revenue as upon Summary Judgment. Costs are assessed to the Appellee.

---

[2]As argued by the Commissioner, "The very logical and legitimate purpose of Rule 96 makes eminently good sense and is necessary for the enforcement of the sales tax law. It is carefully and specifically directed at the not-infrequent efforts of sellers to avoid the tax by using out-of-state third parties as intermediaries in a series of transactions." Although no bad faith is alleged in this case, the importance of this court's attention to the regulations of the Commissioner designed to avoid such "not-infrequent" scenarios is clear.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge